United States District Cou
Southern District of Texas
FILED

**MAY 1 1 2000**

MICHAEL N. MILBY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *ISAIAH HILBURN,* | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | **Civil Action No. C-00-063** |
| | § | **Jury** |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE AND TROY SIMPSON,* | § | |
| *In His Individual and Official Capacities,* | § | |
| Defendants. | § | |

## DEFENDANT'S MOTION FOR PARTIAL DISMISSAL
## UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6),
## ORIGINAL ANSWER AND JURY DEMAND

### TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

COMES NOW, Defendant Troy Simpson, by and through his attorney, the Attorney General

of Texas, and files his Motion for Partial Dismissal, Original Answer and, Jury Demand. In support

thereof, Defendant Simpson respectfully offers the following:

### I.

### STATEMENT OF THE CASE

1.     Plaintiff alleges violation of his rights pursuant to 42 U.S.C. § 1983; Title VII of the Civil

Rights Act, 42 U.S.C. § 2000e; the Fair Labor Standards Act; the Family and Medical Leave

Act; and the Texas Commission on Human Rights Act, TEX. LABOR CODE ANN. § 21.051

(Vernon 1995).

2.     Plaintiff contends that while working for Defendant TDCJ, and assigned to a prison unit

supervised by Defendant Simpson, he was subjected to disparate treatment as a result of his

race, subjected to retaliation once he complained of the disparate treatment, not compensated

for overtime worked, and deprived of due process and free speech.

3.     Plaintiff contends that the retaliation and hardships forced him to resign.

4.     Plaintiff seeks actual and compensatory damages plus interest, punitive damages, exemplary

damages, pre- and post-judgment interest, attorney's fees and court costs.

## II.

## MOTION TO DISMISS PURSUANT TO 12(B)(1)

Defendant TDCJ moves for an order dismissing with prejudice Plaintiff's claims under 42

U.S.C. § 1983 against him in his official capacity, because it is clear that Defendant has Eleventh

Amendment immunity and thus, the Court has no subject matter jurisdiction over the claim.  The

Eleventh Amendment bars suits in federal court by citizens of a state against their own state or a

state agency or department. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 104

S. Ct. 900, 908 (1984). A suit against the state entity is barred regardless of whether money damages

or injunctive relief are sought. *Cory v. White*, 457 U.S. 85, 102 S. Ct. 2325 (1982).  A suit against

a state official in his official capacity is barred for the same reason.

## III.

## MOTION TO DISMISS PURSUANT TO 12(B)(6)

Plaintiff's claims for violation of Due Process, Due Course of Law and Redress of

Grievances should also be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

Defendant Simpson in his official capacity, is not a proper defendant under 42 U.S.C. § 1983. *Will*

*v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S. Ct. 2304 (1989).  Moreover, Plaintiff has not

shown that he had a property interest in his employment with TDCJ; such a showing is a prerequisite

to a due process claim. *Spuler v. Pickar*, 958 F.2d 103, 107 (5th Cir. 1992).  See also *State of Texas*

*v. Walker*, 142 F.3d 813, 818 (5th Cir. 1998). Because he cannot show that he had a property interest,

he cannot state a cause of action for violation of due process.

## IV.

## DEFENDANT'S ORIGINAL ANSWER

1.    Defendant generally denies each and every allegation contained in Plaintiff's Original Complaint, except those specifically admitted herein.

2.    Except to the extent specified herein, the Court has subject matter jurisdiction.  Venue is proper in this district and division.  Defendant TDCJ is an agency of the State of Texas.

3.    At this time, Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff was an employee of TDCJ as alleged in Paragraph 5 of Plaintiff's Original Complaint.

4.    At this time, Defendant denies Plaintiff was subjected to disparate treatment while an employee of TDCJ.

5.    At this time, Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff was promoted to sergeant, assigned to Second Shift General Population or awarded a Certificate of Appreciation by the captain in April and November, 1996 as alleged in Paragraph 6 of Plaintiff's Original Complaint.

6.    At this time, Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff was assigned to Second Shift Administrative Segregation on November 21, 1996 as alleged in Paragraph 7 of Plaintiff's Original Complaint.

7.    At this time, Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff attended a promotion board for Lieutenant of Correctional Officers, conducted by Warden Perez, on August 15, 1997, as alleged in Paragraph 8 of Plaintiff's Original Complaint.

8.    At this time, Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff was reassigned to second shift Administrative Segregation while still a

sergeant on September 29, 1997, as alleged in Paragraph 9.

9.    At this time, Defendant is without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 10 of Plaintiff's Original Complaint.

10.   At this time, Defendant is without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 11 of Plaintiff's Original Complaint.

11.   At this time, Defendant is without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 12 of Plaintiff's Original Complaint.

12.   At this time, Defendant is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained within Paragraph 13 of Plaintiff's Original Complaint.

13.   At this time, Defendant is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained within Paragraph 14 of Plaintiff's Original Complaint.

14.   At this time, Defendant is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained within Paragraph 15 of Plaintiff's Original Complaint.

15.   At this time, Defendant is without knowledge or information sufficient to form a belief as to whether any officers' inmate counts were incorrect, whether ranking officers were upset with Plaintiff, whether Plaintiff was instructed to "write up" other officers, or whether Plaintiff voiced any concerns about training; Defendant denies that concerns of Plaintiff, if any, were dismissed by correctional officers as alleged in Paragraph 16 of Plaintiff's Original Complaint.

16.   At this time, Defendant is without knowledge or information sufficient to form a belief as to whether any captain sought additional explanation for any incorrect inmate counts,

whether Plaintiff offered any explanation, or whether Plaintiff was reprimanded; Defendant denies that correctional officers dismissed Plaintiff's concerns, if any, about training as alleged in Paragraph 17 of Plaintiff's Original Complaint.

17.    At this time, Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff completed any "write-ups," whether Plaintiff asked officers if they understood count times and procedures, or whether Plaintiff voiced any concerns about training; Defendant denies that Plaintiff suffered retaliation for speaking out on matters of officer training and safety as alleged in Paragraph 18 of Plaintiff's Original Complaint.

18.    Defendant denies violating the Family and Medical Leave Act by disciplining Plaintiff or forcing him to work while he was on leave as alleged in Paragraph 19 of Plaintiff's Original Complaint

19.    Defendant denies that Plaintiff was discriminated against by being forced to wait lengthy periods to learn whether leave was approved, that Plaintiff was called to work when he had been approved for leave, and that time off request forms were not returned to Plaintiff as alleged in paragraph 20 of Plaintiff's Original Complaint.

20.    Defendant denies that Plaintiff was treated differently from Hispanic officers as alleged in Paragraph 21 of Plaintiff's Original Complaint.

21.    At this time, Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff sought time off on October 30 and 31, 1998, whether any other officers were off work during those days, whether any other officers advised him as to whether his leave request would be approved, whether anyone agreed to work for Plaintiff, or whether Plaintiff was instructed to meet with Defendant Simpson shortly thereafter as alleged in Paragraph 22 of Plaintiff's Original Complaint.

22.     At this time, Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff met with Defendant Simpson on November 2, 1998 as alleged in Paragraph 23; Defendant denies that any action taken as alleged in Paragraph 23 was taken for discriminatory or retaliatory purposes.

23.     At this time, Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff was notified that he would receive time off for Thanksgiving 1998 or, if so, when that notification was made as alleged in Paragraph 24 of Plaintiff's Original Petition.

24.     Defendant denies that he had any particular dislike of Plaintiff, sought inmate grievances with Plaintiff's name on them and ever "picked on" any supervisor for discriminatory or retaliatory purposes, including Plaintiff, as alleged in Paragraph 25 of Plaintiff's Original Petition.

25.     At this time, Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff was written up for any disciplinary infraction, whether any disciplinary charge was rewritten, or whether the disciplinary charges, if any, were processed in any particular fashion as alleged in Paragraph 26 of Plaintiff's Original Petition.

26.     At this time, Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff filed an employee grievance; Defendant denies that Plaintiff was written up in retaliation for having filed any grievance, as alleged in Paragraph 27 of Plaintiff's Original Petition.

27.     Defendant denies that he was abrasive with Plaintiff or treated him differently from any other correctional officer as alleged in paragraph 28 of Plaintiff's Original Petition.

28.     Defendant denies that Hispanic officers failed to keep him apprised of issues pertaining to Plaintiff's shifts as alleged in Paragraph 29 of Plaintiff's Original Petition.

29.     Defendant denies engaging in retaliation causing Plaintiff to seek medical treatment as alleged in Paragraph 30 of Plaintiff's Original Petition.

30.     Defendant denies that Plaintiff was passed over for transfer to a different shift because of racial discrimination or retaliation as alleged in Paragraph 31 of Plaintiff's Original Petition.

31.     Defendant denies that Plaintiff's grievances were never fairly processed as alleged in Paragraph 32 of Plaintiff's Original Petition.

32.     Defendant denies that Plaintiff was discriminated or retaliated against by being forced to attend all staff meetings regardless of whether he had worked the night before, as alleged in Paragraph 33 of Plaintiff's Original Petition.

33.     Defendant denies that Plaintiff or any other employee was discriminated or retaliated against by being forced to sign a letter of instruction regarding an unsecured inmate tray slot as alleged in Paragraph 34 of Plaintiff's Original Petition.

34.     Defendant denies that Plaintiff was discriminated or retaliated against though telephone calls as alleged in Paragraph 35 of Plaintiff's Original Petition.

35.     Defendant denies that Plaintiff's use of force packet was removed for improper purposes as alleged in Paragraph 36 of Plaintiff's Original Petition.

36.     Defendant denies that Plaintiff was ever discriminated or retaliated against by being forced to work overtime as alleged in Paragraph 37 of Plaintiff's Original Petition.

37.     Defendant denies that Plaintiff was ever discriminated or retaliated against through disparate allocation of training courses as alleged in Paragraph 38 of Plaintiff's Original Petition.

38.     Defendant denies that Plaintiff was ever discriminated or retaliated against through the assignment of new or untrained officers or through assignment to any particular section of the prison as alleged in Paragraph 39 of Plaintiff's Original Petition.

39. Defendant denies violation of the Fair Labor Standards Act through failure to properly compensate Plaintiff for overtime as alleged in Paragraph 40 of Plaintiff's Original Petition.

40. Defendant denies that he constructively discharged Plaintiff through the infliction of retaliation and undue hardships as alleged in Paragraph 41 of Plaintiff's Original Petition.

41. Defendant denies that Plaintiff has been deprived of any fundamental right or privilege guaranteed by 42 U.S.C. § 1983 and Title VII as alleged in Paragraphs 42 and 43 of Plaintiff's Original Petition.

42. Defendant denies violation of Plaintiff's federally protected rights by disparate treatment as alleged in Paragraphs 44 and 45 of Plaintiff's Original Petition.

43. Defendant denies Plaintiff has suffered any damages as a result of illegal acts as alleged in Paragraph 46 of Plaintiff's Original Petition.

44. Defendant denies violation of the Family and Medical Leave Act as alleged in paragraphs 47 and 48 of Plaintiff's Original Petition.

45. Defendant denies violation of the Texas Commission on Human Rights Act as alleged in Paragraphs 49 and 50 of Plaintiff's Original Petition.

46. Defendant denies violation of the Fair Labor Standards Act as alleged in paragraphs 51 and 52 of Plaintiff's Original Petition.

47. Defendant denies violation of Plaintiff's free speech protected by the First Amendment to the United States Constitution or the Texas Constitution as alleged in Paragraphs 53 through 56 of Plaintiff's Original Petition.

48. Defendant denies that any actions adverse to Plaintiff were taken in retaliation for his exercise of free speech as alleged in Paragraph 57 of Plaintiff's Original Petition.

49. Defendant denies that Plaintiff has suffered damages as a result of retaliation against his exercise of free speech as alleged in Paragraph 58 of Plaintiff's Original Petition.

50. Defendant denies that Plaintiff has been deprived of procedural or substantive due process and due course of law as alleged in Paragraphs 59 and 60 of Plaintiff's Original Petition.

51. Defendant denies that Plaintiff has been deprived of due process and due course of law through the handling of his grievances as alleged in Paragraph 61 of Plaintiff's Original Petition.

52. Defendants deny that he discriminated against Plaintiff in any manner. He asserts that all actions taken in connection with Plaintiff were free of discriminatory intent and that Defendant would have taken the same action regardless of a discriminatory motivating factor, which Defendant denies existed. Defendant asserts that any and all actions taken in connection with Plaintiff were not the result of any discriminatory motivating factor, including but not limited to age, race, sex and national origin, but were job related and reasonably related to the business and governmental operation of the agency.

## V.

## AFFIRMATIVE DEFENSES

53. Defendant specifically invokes the maximum liability cap under Title VII for employers belonging to the size class of Defendant, to wit: an aggregate potential liability, if any, of $300,000.00.

54. Defendant specifically invokes the unavailability of punitive or exemplary damages under Title VII (or any other theory of liability) against a state governmental agency such as Defendant TDCJ. 42 U.S.C. § 1981a (b)(1).

55. Defendant Simpson specifically invokes his Eleventh Amendment immunity under the United States Constitution for any and all of Plaintiff's claims not expressly and unambiguously provided within Title VII's limited congressional waiver.

56. Defendant pleads the applicable ninety (90) day statute of limitations for Title VII actions.

57.    Any challenged action, practice or policy was taken for a valid, nondiscriminatory reason; alternatively, any challenged action, practice or policy would have been taken regardless of any discriminatory motivating factor (which discriminatory factor is specifically denied).

58.    Any challenged action, practice, or policy is job-related and reasonably necessary to business and/or governmental operations.

59.    Defendant's liability, if any, is limited by the after-acquired evidence doctrine.

60.    Defendant asserts his entitlement to any allowable credits or offsets against a judgment, if any, in favor of Plaintiff.

61.    Defendant asserts his entitlement to all limitations and exclusions of 42 U.S.C. § 1981a as to all of Plaintiff's claims under Title VII..

62.    Plaintiff has failed to mitigate his damages, if any.

## VI.

## JURY DEMAND

Should trial be necessary in the foregoing cause of action, Defendant respectfully demands trial by jury.

## CONCLUSION

WHEREFORE, Defendant prays that:

1.    Trial by jury be had;

2.    Plaintiff take nothing by his suit;

3.    Defendant recovers reasonable attorney's fees and court costs from Plaintiff and/or his attorney;

4.    For such other relief that may be just and proper.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SHANE PHELPS
Deputy Attorney General for Criminal Justice

LOUIS V. CARRILLO
Assistant Attorney General
Chief, Law Enforcement Defense Division

CARI G. BERNSTEIN
Assistant Attorney General
Attorney-In-Charge
State Bar No.  0070300

P. O. Box 12548, Capitol Station
Austin, Texas  78711
Phone No. (512) 463-2080
Fax No.    (512) 495-9139

**ATTORNEYS FOR DEFENDANTS TDCJ AND
SIMPSON**

## CERTIFICATE OF SERVICE

I, CARI G. BERNSTEIN, Assistant Attorney General of Texas, do hereby certify that a true

and correct copy of the above and foregoing **Defendant's Motion for Partial Dismissal Under**

**Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Original Answer and Jury Demand,**

has been served by placing same in the United States Mail, postage prepaid, Certified Mail, Return

Receipt Requested, on May 9, 2000, addressed to:

Gay Gilson                                     *Via Certified Mail No. P 329 149 570*
Attorney at Law
4600 Ocean Drive Suite 104D
Corpus Christi, Texas 78412
**Counsel for the Plaintiff**

CARI G. BERNSTEIN
Assistant Attorney General

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

*ISAIAH HILBURN,*
    Plaintiff,

*v.*

*TEXAS DEPARTMENT OF CRIMINAL
JUSTICE AND TROY SIMPSON,
In His Individual and Official Capacities,*
    Defendants.

§
§
§
§
§
§
§
§
§

**Civil Action No. C-00-063
Jury**

## O R D E R

Before the Court is **Defendant's Motion for Partial Dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)**  The Court, after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is hereby **ORDERED** that said Motion be, and it is, **GRANTED**.  Plaintiff's causes of action under 42 U.S.C. § 1983 and claims for violation of due process, due course of law, and redress of grievances against Defendant Texas Department of Criminal Justice. are **DISMISSED WITH PREJUDICE**.

**SIGNED** on this the _____ day of _____, 2000.


_____
**JUDGE PRESIDING**